*Hardin, for appellant.*

---

SAMUEL A. DAVIS *v.* ABNER DAVIS' ADM'R, ET AL.

**Consideration of Contract.**

Where persons disagree and conflicting claims are asserted by each, and a suit is pending between them concerning the same, a contract between them providing for the settlement of such differences and the dismissal of the suit is based upon a good consideration, and such a contract is enforcible unless the same is abandoned or rescinded by consent of both.

One bringing suit on such settlement contract must aver fulfilment or a readiness to fulfil his part thereof.

APPEAL FROM UNION COURT OF COMMON PLEAS.

January 15, 1880.

OPINION BY JUDGE HINES:

The considerations for the agreement by which the suit of *A. Davis v. S. A. Davis* was to be settled, were valuable and meritorious. Numerous transactions and conflicting claims had been drawn into the action, and everything indicated a protracted and bitter litigation with a doubtful result. In this condition of affairs a solemn agreement was deliberately entered into, reduced to writing and signed by the parties. The first question to be considered is whether that agreement by contract or mutual understanding between the parties was set aside. The court below held that it had not been abandoned, and in this conclusion we are of the opinion that the court below is supported by the evidence.

The agreement was entered into on the 29th of May, 1872, and this action to enforce it was instituted on the 10th of September, 1873, by A. Davis, and the answer of S. A. Davis was filed on the 29th of October, 1873. In that answer it is contended that the money stipulated to be paid by A. Davis was to be paid immediately, and that as A. Davis had refused to comply with that portion of the agreement, and "therefore, this defendant considered the said agreement of compromise at an end, and so informed the plaintiff." To this answer a reply was filed December 2, 1873.

A. Davis died in 1875, pending the suit, and when the pleadings were in the condition indicated. The action was revived in the name of the administrator in July, 1876, the trial entered upon, and on the appellant making affidavit that the court's refusal to allow him to read his own deposition took him by surprise, and that he could prove by certain persons that A. Davis had said that he had abandoned the agreement, the cause was continued. In this affidavit of appellant for a continuance appears for the first time any intimation that the contract had been abandoned by both plaintiff and defendant, and the discovery that he could make this proof was made, as stated in the affidavit, between the 12th and 15th of July, 1876.

The proof, when made, does not support the statements in the affidavit. It is to the effect that A. Davis said that the agreement had been abandoned, and that his declarations to this effect had been communicated to appellant about the time they were made, that is,

about June or July, 1872, four years prior to the time appellant swears he heard of this evidence. The evidence of all the witnesses is in substance the same, and each one (with one exception) testifies that he was alone with A. Davis at the time he made the statements; but they do not testify that there was any agreement between the parties by which the agreement was abandoned; nor was any effort made to prove these facts prior to the death of A. Davis, notwithstanding the fact that they were known to appellant three years prior to the death of A. Davis. This fact, when taken in connection with the peculiar circumstances under which the witnesses heard the statements of A. Davis, is certainly entitled to great consideration.

That appellant himself did not consider the contract abandoned when these statements are said to have been made by A. Davis is perfectly manifest. On the 31st of August, 1872, appellant wrote to his father, A. Davis, as follows: "Pa, I would be glad for us to close up our settlement," and on the 29th of March, 1873, he again wrote as follows: "Pa, I received your note this morning and think it best that we meet Monday morning and settle all according to our agreement." It is true that appellant alleges that these notes referred to other business, and not to the compromise agreement, but the evidence fails to disclose the existence of any other matters between the parties. In September, 1872, appellant told Rowell that he had had a settlement and an agreement with A. Davis, by which A. Davis was to have the notes due from Rowell for the land, and that A. Davis was to pay him some money he had paid for him in the law-suit with Carman Rowell. This evidence is uncontradicted, and clearly shows that as late as September, 1872, appellant did not consider that the agreement had been abandoned.

Appellant does not allege an offer or willingness to comply at any time with his part of the agreement. The failure of A. Davis to pay the money or to offer to do so did not authorize appellant to treat the agreement as abandoned. It contained mutual and concurrent obligations and gave a right of action for failure to comply with its terms, but did not operate to release the other party. It was as much the duty of one as the other to tender a compliance with the agreement, and therefore appellant was as much in default by failure to surrender the land and notes as A. Davis for failure to pay the money.

There is no allegation or proof of any agreement to abandon

this contract, and having been entered into deliberately, understandingly, and for a valuable and meritorious consideration, it ought not to be disturbed and the gates of litigation re-opened upon such vague and loose statements as it is claimed that A. Davis made in reference to the matter, and especially when the development of this proof was delayed, without any good reason, until after the death of A. Davis. The agreement should have been enforced, and the judgment of the court below is in conformity to its terms.

Without entering into details as to the evidence of what appellant should have recovered of A. Davis on account of moneys expended in the law-suit, we deem it sufficient to say that in our judgment the ruling of the court in this particular is amply supported by the evidence.

Judgment *affirmed.*

*Rodman, for appellant.*

*William Lindsay, Hoskins & Long, for appellee.*